UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RACHEL Y. HUNTER,

                         Plaintiff,

   v.                                           **DECISION AND ORDER**
                                                              13-CV-650S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

     1.     Plaintiff Rachel Y. Hunter challenges an Administrative Law Judge's ("ALJ") decision, dated October 4, 2011, wherein the ALJ determined that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. She now contends that this determination is not based upon substantial evidence, and reversal is warranted.

     2.     Plaintiff filed an application for supplemental security income on May 12, 2010, alleging a disability beginning on May 13, 2009. The application was initially denied on July 22, 2010, and Plaintiff was granted a hearing on that denial. She testified before the ALJ on September 6, 2011. Following the ALJ's denial of the application, the Appeals Council denied Plaintiff's request for review on April 26, 2013, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on June 20, 2013.

     3.     Plaintiff and the Commissioner each filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5. To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C.

§ 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since May 12, 2010, her application date (R. 17);[1] (2) Plaintiff had the following severe impairments: herniated nucleus pulposus at the L5-S1 and asthma (R. 17-19); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment under the regulations (R. 19); (4) Plaintiff had the residual functional capacity ("RFC") to perform a full range of sedentary work as defined by regulations in environments free from respiratory irritants (R. 19-21); and (5) Plaintiff was capable of performing her past relevant work as a telephone collection clerk. (R. 21.)

10. Plaintiff contends that the ALJ erred in concluding at step four that Plaintiff could perform her past relevant work as a telephone collections clerk. Specifically, Plaintiff argues that this brief work experience failed to qualify as either "past relevant work" or "substantial gainful activity" as defined by the relevant regulations. Past relevant work is defined under the regulations as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 416.960(b)(1). Further, substantial gainful activity is work activity that involves doing significant physical or mental activities, even if it is done on a part-time basis, and is done for pay or profit. 20 CFR § 416.972(a),(b). "In making the determination as to whether work activity rises to the level of substantial gainful activity, the Commissioner considers the nature of the work, how well the claimant performed the work, if the work was

---

[1] Citations to the underlying administrative record are designated as "R."

performed under special conditions, if the work constituted self-employment, and the time spent doing the work." Miller v. Colvin, No. 7:12-cv-375 (GLS), 2013 WL 1760856, *5 n. 5 (N.D.N.Y. Apr. 24, 2013) (citing 20 C.F.R. § 416.973).

In considering a claimant's work history, it is appropriate for an ALJ to rely upon the Dictionary of Occupational Titles ("D.O.T.") for information regarding a particular job. 20 C.F.R. § 416.960(b)(2). As noted by the ALJ, Plaintiff's prior work as a telephone collection clerk is defined by this source as skilled sedentary work. The D.O.T. classification specifies that the amount of specific vocational preparation necessary to acquire the skill level demanded is "[o]ver 6 months up to and including 1 year." See Section 241.357-010, United States Dep't of Labor, Dictionary of Occupational Titles (4th ed. rev.1991), 1991 WL 672249 (G.P.O.).

> The ALJ concluded in his decision:
>
> Despite having an Associate's Degree, [Plaintiff] has a poor work record. She worked for about a year for a collections agency as a Telephone Collection Clerk (D.O.T. 241.357-010), which is skilled sedentary work. She worked long enough to learn the necessary skills.
>
> In comparing [Plaintiff's] sedentary residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. [Plaintiff] can perform the sedentary work and there are no environmental irritants in the claimant's past relevant work.

(R. 21.)

In reaching this conclusion, the ALJ did not reference the nature of the work as actually performed by Plaintiff, her success at performing the relevant tasks, whether the work was performed under special conditions, or the specific time spent doing the work (such as full-time or part-time). See 20 C.F.R. § 416.973; Miller, 2013 WL 1760856 at *5 n. 5. The few details about Plaintiff's work as a telephone collection clerk appear in her

5

testimony, specifically that this 2008 job "didn't last very long" before she was laid off. (R. 34, 50.) In response to the ALJ's request for a specific time frame, she answered "not even a year." (R. 50.)

As Plaintiff notes, however, the record reflects that she earned only $2,974.13 in 2008 with no earnings recorded from 2007 or 2009. (R. 114-15.) If Plaintiff had worked for at least six months, she would have earned less than the amount necessary to qualify her work as substantial gainful activity pursuant to the regulations. 20 CFR § 416.974(b)(2)(ii)(B).[2] Accordingly, even if the references to Plaintiff's Associate's Degree is construed as providing support for the ALJ's conclusion that Plaintiff worked for a sufficient time to attain the necessary skills for a telephone collections clerk, the matter must be remanded for either "a proper assessment of whether past work was substantial gainful activity" or a step 5 evaluation. Melville v. Apfel, 198 F.3d 45, 53-54 (2d Cir. 1999).

11. Defendant argues that any error in the ALJ's finding that Plaintiff could perform her past work is harmless. A step four error is considered harmless only where the ALJ nonetheless proceeds to perform a step five analysis. Whitehouse v. Colvin, No. 3:13-CV-894 (MPS), 2014 WL 4685187, *9 (D. Conn. Sept. 19, 2014); cf. Miller, 2013 WL 1760856 at *5 . The ALJ did not do so in the present case. Nor can remand be avoided because, as Defendant argues, the ALJ's RFC analysis warrants finding that Plaintiff is not disabled pursuant to the relevant Medical Vocational Rules. This is very likely the case, however, it is indisputable that this Court cannot "affirm an administrative action on grounds different from those considered by the agency." Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting Melville, 198 F.3d at 52)).

---

[2]The relevant calculations are provided in the U.S. Social Security Administration's Employee Operating Instructions, Program Operation Manual System, *available at* https://secure.ssa.gov/poms.nsf/lnx/0410501015 (last accessed September 29, 2014).

12.For the foregoing reasons, and upon a review of the record as a whole, the Court cannot conclude that the ALJ's determination is supported by substantial evidence. Plaintiff's Motion for Judgment on the Pleadings is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED;

FURTHER, that the decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner of Social Security for further proceedings consistent with the above decision;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:September 29, 2014
Buffalo, New York

/ s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court